IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 06-00068 SOM-LEK |
| | ) | |
| Plaintiff, | ) | ORDER AFFIRMING SEPTEMBER 12, |
| | ) | 2006, "ORDER GRANTING USA'S |
| vs. | ) | MOTION TO DISQUALIFY OSCAR |
| | ) | STILLEY, ESQ. FROM PRO HAC |
| HAMLET C. BENNETT, | ) | VICE REPRESENTATION" |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER AFFIRMING SEPTEMBER 12, 2006,
"ORDER GRANTING USA'S MOTION TO DISQUALIFY
OSCAR STILLEY, ESQ. FROM PRO HAC VICE REPRESENTATION"

I.   INTRODUCTION AND FACTUAL BACKGROUND.

On or about July 14, 2006, Oscar A. Stilley, Esq., submitted an application to appear pro hac vice as Defendant Hamlet C. Bennett's attorney in this criminal action.  Along with his application, Stilley submitted his own declaration indicating that he was in good standing and eligible to practice law in a number of courts around the country.  Stilley also indicated that he was "not currently suspended or disbarred in any court."

On July 19, 2006, Magistrate Judge Kevin S. C. Chang filed an order granting Stilley's pro hac vice application.

On August 11, 2006, the Government filed a motion to disqualify Stilley from pro hac vice representation, arguing in relevant part that Stilley had omitted from his pro hac vice application any reference to having been suspended in Arkansas.

That suspension has been stayed during the pendency of Stilley's appeal of the suspension.

Criminal Local Rule 12.1 states: "All dispositive motions shall be heard by a district judge and all non-dispositive matters shall be heard by a magistrate judge, except as otherwise provided or unless otherwise ordered by a district judge." Accordingly, this motion to disqualify was automatically referred to a Magistrate Judge for disposition. The motion was heard by Magistrate Judge Leslie E. Kobayashi on August 30, 2006. Magistrate Judge Kobayashi granted the motion to disqualify Stilley, reasoning that Stilley was not a member "in good standing" in the Arkansas bar because of the suspension. She was troubled by Stilley's "failure to disclose [his suspension] in his application for admission pro hac vice and his insistence that he is an attorney in good standing in Arkansas." Magistrate Judge Kobayashi said that Stilley's conduct "strongly suggests . . . that he will neither abide by the court's rules and practices - thus impeding the orderly administration of justice - nor be readily answerable to the court." Order (Sept. 12, 2006) at 6 (quotations omitted). Magistrate Judge Kobayashi concluded that the public's interest in the prompt, fair, and ethical administration of justice outweighed Bennett's interest in having Stilley represent him, thus providing a compelling purpose for denying Bennett counsel of his choice. Id.

On September 19, 2006, Stilley filed an appeal of the order disqualifying him on behalf of his client.  The court affirms the order.

II.      STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Criminal Local Rule 57.3, any party may appeal to the district court any pretrial nondispositive matter determined by a Magistrate Judge. Such an order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law."  The threshold of the "clearly erroneous" test is high.  See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001) ("Under the 'clearly erroneous' standard, the lower court's ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed." (quotations and citations omitted)); Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed"); accord United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly

3

erroneous if we have a definite and firm conviction that a mistake has been committed.").

Stilley and Bennett argue that this court should treat the order disqualifying Stilley as a dispositive order, reviewing it de novo pursuant to 28 U.S.C. § 636(b)(1)(B).  A motion to disqualify counsel, however, is not a dispositive motion that a Magistrate Judge is prohibited from entering an order on under § 636(b)(1)(A).  See Howe Inv., Ltd. v. Perez Y Cia. de Puerto Rico, Inc., 96 F. Supp. 2d 106, 113 (D.P.R. 2000) (a motion to disqualify counsel is a nondispositive motion that a Magistrate Judge may decide); Gray v. Rhode Island Dept. of Children, Youth & Families, 937 F. Supp. 153, 156 (D.R.I. 1996) (a motion to disqualify counsel is a nondispositive motion that is reviewed by the district court to determine whether the Magistrate Judge's order on the motion is clearly erroneous or contrary to law under § 636(b)(1)(A)); Brice v. Hess Oil Virgin Islands Corp., 769 F. Supp. 193, 194 (D.V.I. 1990) ("a motion to disqualify opposing counsel is a nondispositive matter subject to review under the clearly erroneous or contrary to law standard.").  This court applies the "clearly erroneous or contrary to law" standard found in § 636(b)(1)(A), rather than the "de novo" standard found in § 636(b)(1)(B).

The distinction between reviewing a pretrial nondispositive order under § 636(b)(1)(A) and written objections to proposed findings and recommendations under § 636(b)(1)(B) is

4

of further significance because, under § 636(b)(1)(A), this court is not permitted to receive further evidence. Under § 636(b)(1)(B), on the other hand, this court may receive further evidence. See Haines v. Liggett Group Inc., 975 F.2d 81, 91 (3d Cir. 1992) (noting that, under 636(b)(1)(B), a district court may receive further evidence but that, "[i]n a subparagraph (A) matter, the district court is not permitted to receive further evidence"). The court notes, however, that even if it applied § 636(b)(1)(B) and treated the order disqualifying Stilley as a set of proposed findings of fact and conclusions of law, the court would adopt that order after de novo review and disqualify Stilley.

III.    ANALYSIS.

    A.    There Was No Procedural Error.

        Bennett and Stilley initially argue that the order disqualifying Stilley is void because this court did not designate the motion to disqualify Stilley to the Magistrate Judge. This argument is misplaced. Because a motion to disqualify an attorney is a nondispositive motion, it is automatically referred to a Magistrate Judge by local rule. See Criminal Local Rule 12.1. In any event, the motion to disqualify Stilley was referred to Magistrate Judge Chang by this court on August 14, 2006. See Docket Utility Event (Aug. 14, 2006) ("MOTION as to Hamlet C. Bennett REFERRED to Magistrate Judge: Chang 33 MOTION to Disqualify Counsel *Motion to Disqualify Oscar*

*Stilley, Esq. from Pro Hac Vice Representation and COS*"). Moreover, Bennett and Stilley have waived this argument by failing to object when they saw that Magistrate Judge Kobayashi was presiding over the hearing on the motion. They object only now that Magistrate Judge Kobayashi has decided the motion against them.

Stilley and Bennett next accuse Government counsel of attempting to "judge shop" because the Government had listed Magistrate Judge Barry M. Kurren as the judge to hear and decide the motion to disqualify Stilley. Government's counsel did not "judge shop." Magistrate Judge Kurren was erroneously listed, possibly because Magistrate Judge Kurren was scheduled to adjudicate criminal motions in September 2006 and had been scheduled to conduct the final pretrial conference on September 5, 2006. Clearly, the Government does not have the ability to place any motion for hearing on any particular judge's calendar. Court staff assigned the motion to disqualify Stilley a hearing date of August 30, 2006, before Magistrate Judge Kobayashi. Magistrate Judge Kobayashi, was "covering" matters for Magistrate Judge Chang, who had actually been assigned to adjudicate criminal motions set for hearing before Magistrate Judges in August 2006. Magistrate Judge Chang happened to be out of the district on August 30, 2006, and Magistrate Judge Kobayashi handled what would otherwise have been on Magistrate Judge Chang's calendar. Notwithstanding the Government's reference on

6

its motion to Magistrate Judge Kurren, the motion to disqualify Stilley was never set to be heard by Magistrate Judge Kurren.

        B.   <u>The Order Disqualifying Stilley is Affirmed.</u>

The decision to admit an attorney <u>pro hac vice</u> is discretionary. See <u>Gallo v. United States Dist. Court for the Dist. of Ariz.</u>, 349 F.3d 1169, 1185 (9th Cir. 2003) ("the decision to grant <u>pro hac vice</u> status is discretionary"). Local Rule 83.1(e) governs <u>pro hac vice</u> applications in this district. That rule expressly provides this court with discretion in admitting an attorney <u>pro hac vice</u>:

> An attorney who is a member in good standing of, and eligible to practice before, the bar of any United States Court or of the highest court of any State or of any Territory or Insular Possession of the United States, who is of good moral character, and who has been retained to appear in this court, may, upon written application and in the discretion of this court, be permitted to appear and participate in a particular case subject to the conditions of this rule.

Local Rule 83.1 (emphasis added). Of course, in exercising the court's discretion, the court is limited by the Constitution of the United States, including a defendant's Sixth Amendment's right to counsel. See <u>United States v. Walters</u>, 309 F.3d 589, 591 (9th Cir. 2002).

Bennett's Sixth Amendment right to counsel of his choice includes the right to have an out-of-state lawyer such as Stilley admitted <u>pro hac vice</u>. See <u>id.</u> at 591. This right is qualified, in that "it may be abridged to serve some 'compelling

purpose.'" Id. (quoting United States v. D'Amore, 56 F.3d 1202, 1204 (9th Cir. 1995), overruled on other grounds by United States v. Garrett, 179 F.3d 1143 (9th Cir. 1999)). Bennett's right to counsel of his choice "'cannot unduly hinder the fair, efficient and orderly administration of justice.'" Walters, 309 F.3d at 591 (quoting United States v. Panzardi Alvarez, 816 F.2d 813, 816 (1st Cir. 1987)). This court may deny pro hac vice status to Stilley if Bennett's "'choice of counsel . . . would unreasonably delay proceedings or burden the court with counsel who was incompetent or unwilling to abide by court rules and ethical guidelines.'" Walters, 309 F.3d at 591 (quoting Panzardi Alvarez, 816 F.2d 813, 817-18).

Local Rule 83.1(e) requires attorneys seeking pro hac vice status before this court to state both that they are "in good standing" and that they are "not currently suspended or disbarred." In his pro hac vice application, Stilley indicated that he was in good standing and that he was not currently suspended. On the record before the Magistrate Judge, a question certainly existed as to whether Stilley was "in good standing" and eligible to be admitted pro hac vice, as Stilley and Bennett did not demonstrate that Stilley remained "in good standing" despite the stayed suspension.

However, whether Stilley was "in good standing" is not dispositive of whether Bennett is entitled to have Stilley represent him pro hac vice. Instead, the court also examines

8

whether having Stilley appear <u>pro hac vice</u> "would unreasonably delay proceedings or burden the court with counsel who was incompetent or unwilling to abide by court rules and ethical guidelines.'"  <u>Walters</u>, 309 F.3d at 591.

      Magistrate Judge Kobayashi ruled that Stilley's failure to disclose his suspension "strongly suggests through his behavior that he will neither abide by the court's rules and practices - thus impeding the 'orderly administration of justice' - nor be readily answerable to the court."  Stilley and Bennett fail to show that this ruling is clearly erroneous or contrary to law.  Local Rule 83.1(e) did not ask whether Stilley was currently unable to practice law because of a suspension.  It asked whether he was suspended.  On the record before the Magistrate Judge, there was no dispute that Stilley was, in fact, under an order of suspension.  Although the effect of the order of suspension had been stayed, that stay did not affect the existence of the suspension.  Accordingly, Stilley misrepresented his status and, by failing to disclose his suspension, demonstrated an unwillingness to abide by court rules and ethical guidelines.  The Magistrate Judge had compelling reasons for preventing Stilley from representing Bennett <u>pro hac vice</u>.

      The court additionally notes that it may affirm the Magistrate Judge on any ground apparent from the record.  <u>See Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.</u>, 450 F.3d 930, 941 (9th Cir. 2006) (appellate courts may affirm on any

9

ground supported by the record); Newbery Corp. v. Fireman's Fund Ins. Co., 95 F.3d 1392, 1398 (9th Cir. 1996) (same).  What is apparent from the record is that, had the court known of Stilley's suspension ahead of time, it would have had more than sufficient grounds to exercise its discretion to deny his pro hac vice application.  This would have been so even had the court been told that Arkansas does not consider a suspended attorney to lack "good standing" while the suspension is stayed.  The court would have exercised its discretion to deny the pro hac vice application even if (as the court does not conclude) Stilley were correct in arguing that he was accurate in claiming not to be currently suspended.  The circumstances of the Arkansas proceeding, had they been known to the court earlier, would have justified denying the pro hac vice application.

The Arkansas order suspending Stilley was based on four ethical violations.  A committee on professional conduct before the Arkansas Supreme Court unanimously found that he 1) placed his interests as an attorney in conflict with the interests of his client by asserting that he was entitled to an opportunity to confront and interrogate the Arkansas Supreme Court about its perceived hostility towards him; 2) filed a frivolous brief; 3) filed a brief that was "intemperate and disrespectful . . . to the court"; and 4) "caused his client's brief to be entirely stricken from the record, delaying proper and full consideration of his client's cause, and causing the Court to expend additional

resources and time . . . ." Findings and Order (May 4, 2006). Stilley has appealed these violations, but the Arkansas ruling now in the record demonstrates that he is not the kind of attorney that this court would admit pro hac vice. His prior conduct demonstrates that he is likely to file frivolous papers that would unreasonably delay these proceedings and that he is "unwilling to abide by court rules and ethical guidelines." Walters, 309 F.3d at 591.

  The court is further concerned by what appears to be a pattern of accusing judges, justices, and officers of the court of wrongful conduct without any basis. Not only was Stilley suspended by the Arkansas Supreme Court because of his attempts to interrogate its justices and because of his intemperate and disrespectful conduct, but Stilley has also attempted to impugn the integrity of Government counsel by raising an unsupported charge of "judge shopping." Stilley also indicates that Magistrate Judge Kobayashi was not "even handed" or "fair and impartial" in deciding this matter. Stilley's unsupported accusations of improper conduct by all who disagree with him gives this court concern about how he will behave in future court proceedings.

  Stilley's questionable conduct does not appear to be isolated or infrequent. For example, on April 20, 2005, the United States District Court for the District of Arizona denied an application by Stilley to appear pro hac vice. In denying

11

that application, the Arizona court detailed Stilley's numerous ethical issues, including various sanctions and discipline imposed on him.  See United States of Am. v. Poseley, et al., Cr. No. 03-344-PHX-MHM, Order (D. Ariz. Apr. 20, 2005).[1]

Finally, the stay of Stilley's suspension could be lifted before trial in this matter is completed, and the result could be disruption of this court's proceedings.  Although Stilley does not think that his appeal will be decided soon, that does not necessarily mean that his Arkansas appeal will be decided after trial in this matter.  Trials are often continued and, even if trial were to occur before Stilley's appeal is decided, defendants are often sentenced months after the trial has ended.  If Bennett were convicted, Stilley's appeal could be decided against him before Bennett's sentencing.  Thus, a delay in this case is certainly a possibility as long as Stilley is counsel of record.

Stilley also faces the possibility of being indicted during the pendency of this case.  The court, however, need not

---

[1]The court notes that "Oscar Stilley" has been the subject of other disciplinary proceedings in Arkansas.  See, e.g., Stilley v. Fort Smith School Dist., 2006 WL 2627537 (Ark. Sept. 14, 2006) ("On October 4, 2002, the Sebastian County Circuit Court entered an order imposing Rule 11 sanctions upon appellant Oscar Stilley"); Parker v. Perry, 131 S.W. 3d 338, 347-48 (Ark. 2003) (affirming Rule 11 sanctions imposed on Oscar Stilley); Stilley v. Hubbs, 40 S.W. 3d 209, 213 (Ark. 2001) (sanctioning Oscar Stilley $2,000).  Because the court does not know whether those proceedings involved the attorney in this case, the court does not rely on these decisions.

and does not rely on that possibility in ruling that he is not allowed to appear in this matter pro hac vice.

Even if this court were to treat the order disqualifying Stilley as a set of proposed findings and recommendations for purposes of § 636(b)(1)(B) and reviewed this matter de novo, the court would disqualify Stilley.  For the first time on this appeal, Stilley submitted a "Certificate of Good Standing" from the Arkansas Supreme Court.  This Certificate indicates that, despite having been suspended, Stilley is still in good standing because the effect of that suspension has been stayed pending his appeal.  As discussed earlier, whether Stilley is "in good standing" is not dispositive here.  Instead, his failure to disclose his suspension in combination with the numerous ethical violations underlying the suspension, as well as his conduct before this court, indicate that Stilley is "unwilling to abide by court rules and ethical guidelines." Walters, 309 F.3d at 591.  Additionally, there is the risk of disruption of proceedings in this case.  The court has compelling reasons to exercise its discretion and disqualify Stilley from representing Bennett pro hac vice.  Such a disqualification does not unconstitutionally infringe on Bennett's Sixth Amendment right to counsel of his choice.

13

IV.     CONCLUSION.

The order disqualifying Bennett from representing Bennett pro hac vice is affirmed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 27, 2006.



_____
Susan Oki Mollway
United States District Judge

United States of America v. Bennett, Crim. No. 06-00068 SOM; ORDER AFFIRMING SEPTEMBER 12, 2006, "ORDER GRANTING USA'S MOTION TO DISQUALIFY OSCAR STILLEY, ESQ. FROM PRO HAC VICE REPRESENTATION"