IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 06-00068 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTIONS TO |
| vs. | ) | DISMISS INDICTMENT |
| | ) | |
| HAMLET C. BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTIONS TO DISMISS INDICTMENT

I.        INTRODUCTION.

On February 9, 2006, Defendant Hamlet C. Bennett was indicted on one count of conspiracy to defraud the United States in violation of 26 U.S.C. § 371, and five counts of felony income tax evasion in violation of 26 U.S.C. § 7201 for the calendar years 1999 through 2003.

Bennett has filed two motions to dismiss.  In the first motion, Bennett seeks dismissal of the five counts of felony tax evasion, claiming that the determination of any tax deficiency is precluded because the tax rate tables were legally unenforceable, having not been promulgated according to the Administrative Procedures Act ("APA").  Motion to Dismiss for APA Violations (Aug. 27, 2007) ("First Motion") at 9.  In his second motion to dismiss, Bennett argues that the Indictment fails to "set forth the facts and law necessary to sufficiently charge a crime."

Second Motion to Dismiss Indictment (Aug. 27, 2007) ("Second Motion") at 1.

Bennett's First Motion fails, as all elements of the tax evasion charges arise from statute and duly promulgated regulations, rather than Internal Revenue Service ("IRS") manuals and publications.

Bennett's Second Motion is similarly unpersuasive and is similarly denied.

II.      LEGAL STANDARD.

Rule 12(b) of the Federal Rules of Criminal Procedure allows the consideration at the pretrial stage of any defense "which is capable of determination without the trial of the general issue." United States v. Nukida, 8 F.3d 665, 669 (9th Cir. 1993). A motion to dismiss is generally "capable of determination" before trial if it involves questions of law rather than fact. Id. Although the court may make preliminary findings of fact necessary to decide legal questions presented by a motion, the court may not "invade the province of the ultimate finder of fact." Id. "In considering a motion to dismiss, a court is limited to the face of the indictment and must accept the facts alleged in that indictment as true." United States v. Ruiz-Castro, 125 F. Supp. 2d 411, 413 (D. Haw. 2000).

An indictment is only required to "be a plain, concise and definite written statement of the essential facts

constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  An indictment will withstand a motion to dismiss if it contains the elements of the charged offense(s) in sufficient detail (1) to enable the defendant to prepare his or her defense; (2) to ensure the defendant that he or she is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable the defendant to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge. United States v. Rosi, 27 F.3d 409, 414 (9th Cir. 1994); United States v. Bernhardt, 840 F.2d 1441, 1445 (9th Cir. 1988).

An indictment that tracks the offense in the words of the statute is sufficient if those words fully, directly, and expressly set forth all the elements necessary to constitute the offense intended to be proved. United States v. Tavelman, 650 F.2d 1133, 1137 (9th Cir. 1981).  A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence. Therefore, a motion to dismiss an indictment may not be used as a device for summary trial of the evidence. United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996).

III.     BACKGROUND FACTS.

On February 9, 2006, a grand jury returned a six-count Indictment against Bennett.  The Indictment alleges a conspiracy to defraud the United States in violation of 18 U.S.C. § 371, as well as felony income tax evasion in violation of 26 U.S.C. § 7201.

Count 1 alleges that Bennett "willfully and knowingly" conspired with other individuals to defraud the United States by "impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue: to wit, income and self-employment taxes" in violation of 18 U.S.C. § 371. Indictment at 2.  Specifically, Count 1 alleges that Bennett earned income from his services as a licensed architect on the island of Hawaii, and that he conspired to hide this income by (1) filing "Annual Statements" in lieu of tax returns; (2) establishing various entities to receive personal income, including Architects Group Trust ("A.G.T."), Architects Management, LLC ("Architects Management"), and Divine Wellness Spiritual Order ("Divine Wellness"); (3) directing other individuals to open bank accounts to hide his control over the income; and (4) directing clients to pay for his architectural services by depositing money directly into designated entities

4

and bank accounts, or by having clients pay off his personal debts.  Indictment at ¶¶ 1-12.

Counts 2 through 6 allege that Bennett violated 26 U.S.C. § 7201 by willfully attempting to evade and defeat income and self-employment taxes for the calendar years 1999 through 2003, respectively.  For each calendar year, the Indictment alleges that Bennett failed to file an income tax return and pay his income and self-employment taxes, specifying the amount owing to the United States for each year.  In addition, each of Counts 2 through 6 describes an additional act that Bennett undertook to defeat said taxes.  For example, Count 3 alleges that Bennett directed a client to pay for Bennett's architectural services by making direct payments to A.G.T. and Architects Management. Indictment at ¶ 14.

IV.     ANALYSIS.

A.   First Motion to Dismiss for APA Violations.

In Bennett's First Motion, he moves to dismiss the allegations of felony tax evasion in Counts 2 through 6 on the basis that the tax rate tables, which set forth the calculation of taxes "due and owing," were promulgated in violation of the APA.  First Motion at 10.  Bennett asserts that the calculation of taxes "due and owing" is an essential element of criminal tax evasion but appears only in manuals and other IRS publications. He alleges that the tax rate tables lack the "force and effect of

law" absent adoption pursuant to the APA, which sets forth procedural and publication requirements.  First Motion at 16-18.

Bennett misses the point.  Whether the tax rate tables were duly promulgated is not dispositive of Counts 2 through 6. These tables merely set forth the amount owed, not whether any tax was owed.  Counts 2 through 6 of the Indictment charge Bennett with failure to file a tax return and failure to pay taxes.  Bennett's APA argument does not negate his legal obligation to pay taxes, even if the amount owed is in dispute.

Moreover, the Ninth Circuit has already rejected an argument similar to Bennett's.  In United States v. Hicks, 947 F.2d 1356 (9th Cir. 1991), the defendant challenged his duty to file an income tax return.  He argued that because IRS Form 1040 had not been promulgated pursuant to the APA, he did not have to file any tax return.  Id. at 1360.  The Ninth Circuit rejected this argument:

> [Defendant]'s argument is meritless.  It confuses law with regulations with respect to such law.  It is the tax code itself, without reference to regulations, that imposes the duty to file a tax return.  However, even if we suppose that the duty to file tax returns can be understood only with reference to regulations, the IRS has duly promulgated sufficient regulations, *e.g.*, 26 C.F.R. §§ 1.6011-1, 1.6012-1, to make that duty clear.

Id. (citations omitted).  Noting that the defendant in Hicks could have submitted a makeshift return if he objected to using

6

IRS Form 1040, the Ninth Circuit said that IRS Form 1040 was not itself a "rule" subject to the APA's publication, notice, and comment requirements.  Id.

The Ninth Circuit has analogously determined that the obligation to pay taxes "arises by operation of law under sections 6151(a) and 6072(a)." United States v. Voorhies, 658 F.2d 710, 714 (9th Cir. 1981); see also United States v. Ronald Wesley, 956 F.2d 540, 542 (9th Cir. 1992) ("a tax deficiency within the meaning of section 7201 arises by operation of law"). This court is unpersuaded that charges against Bennett should be dismissed on the ground that the tables showing any tax "due and owing" were not adopted pursuant to the APA.  The charges against Bennett do not arise from tax tables.  Bennett's First Motion is therefore denied.

> B.    Second Motion to Dismiss for Insufficiency of the
>       Indictment.

In Bennett's Second Motion to Dismiss the Indictment, he claims that the Indictment "fails to set forth the facts and law necessary to sufficiently charge a crime and apprise Defendant of what he did to allegedly commit the crimes." Second Motion at 1.  Bennett argues that (1) Count 1, which alleges a conspiracy to defraud in violation of 18 U.S.C. § 371, should be dismissed with prejudice for failure to sufficiently allege an offense, and (2) Counts 2 through 6, which allege tax evasion in violation of 26 U.S.C. § 7201, should be dismissed

with prejudice for failure to assert all elements of the crime
and failure to specify the violated tax provision.

The court concludes that the Indictment sets forth all
the essential elements and facts necessary to apprise Bennett of
the charges against him.  Accordingly, Bennett's Second Motion is
denied.

1.    Conspiracy to Defraud Under 18 U.S.C. § 371.

Bennett seeks dismissal of Count 1 of the Indictment
"on the ground[] that it fails to allege an offense under 18
U.S.C. § 371."  Second Motion at 21.  In relevant part, § 371
provides: "If two or more persons conspire either to commit any
offense against the United States, or to defraud the United
States, . . . each shall be fined under this title or imprisoned
not more that five years, or both."  18 U.S.C. § 371.

Count 1 spans pages 1 through 9 of the Indictment,
describing the participants in the alleged conspiracy, the
"manner and means" by which the conspiracy proceeded, and overt
acts committed.  The charging language appears in paragraph 1 of
the Indictment:

> 1.  From on or about April 17, 1995, and
> continuing thereafter up to and including the
> date of the return of this indictment, in the
> District of Hawaii, the Defendant [and
> others] . . . did unlawfully, willfully and
> knowingly conspire, combine, confederate, and
> agree . . . to defraud the United States by
> impeding, impairing, obstructing, and
> defeating the lawful Government functions of
> the Internal Revenue Services of the Treasury

> Department in the ascertainment, computation,
> assessment, and collection of the revenue: to
> wit, income and self-employment taxes.

Indictment at ¶ 1.

Bennett points out that § 371 encompasses both conspiracies to commit any offense and conspiracies to defraud the United States.  The Indictment charges a conspiracy to defraud.  Second Motion at 21.  A conspiracy to defraud only arises if it has an "unlawful objective."  United States v. Everett, 692 F.2d 596, 601 (9th Cir. 1982), cert. denied, 460 U.S. 1051 (1983).  A conspiracy to cheat the Government out of money or property is a conspiracy to defraud.  Hammerschmidt v. United States, 265 U.S. 182, 188 (1924).  In the tax context, this is often called a "Klein conspiracy."  See United States v. Klein, 247 F.2d 908, 915 (2d Cir. 1957).

Bennett claims that the Indictment is deficient because it does not describe any unlawful objective of the alleged conspiracy to defraud.  Second Motion at 24.  To the contrary, the Indictment alleges that the objective of the conspiracy was to "imped[e], impair[], obstruct[], and defeat[] the lawful Government functions of the Internal Revenue Service . . . in the ascertainment, and collection of the revenue."  Indictment at ¶ 1.  The Indictment further alleges that Defendant sought to "hide his income" though "various entities."  Id. at ¶ 11b.

The Ninth Circuit has held that "18 U.S.C. § 371 clearly applies to conspiracies to impede, impair, obstruct, or defeat the lawful function of the Department of Treasury in the collection of income taxes."  United States v. Little, 753 F.2d 1420, 1443 (1984).  In Little, the defendants were convicted of "conspiracy to defraud the United States by impeding, impairing, obstructing and defeating the lawful function of the Internal Revenue Service" in violation of 18 U.S.C. § 371.  Id. at 1427. The charges were brought under the defraud prong, and the unlawful objective of the alleged conspiracy was the obstruction of the lawful functions of the IRS.  In Little, the Ninth Circuit found a simple allegation of an unlawful objective sufficient. In the present case, Count 1 is similarly sufficient.

> 2. Failure to Allege All Elements of Tax Evasion Under 26 U.S.C. § 7201.

Bennett also moves to dismiss Counts 2 through 6 of the Indictment as insufficient.  Essentially, Bennett argues that the Indictment needs to be more detailed, notwithstanding what the Supreme Court and the Ninth Circuit have held in tax evasion cases.  This court declines to dismiss Counts 2 through 6 on this ground.

> a. Type of Evasion: Assessment vs. Payment.

Bennett initially argues that, because a charge under 26 U.S.C. § 7201 can encompass either evasion of assessment or evasion of payment, and because the Indictment is ambiguous as to

10

which has been charged, the Indictment prevents him from "knowing the nature of the charges he face[s]."  Second Motion at 6.  The Ninth Circuit has previously rejected this argument, holding that "§ 7201 proscribes the single crime of tax evasion, a crime which can be committed either by evading the assessment or the payment of taxes."  United States v. Mal, 942 F.2d 682, 686 (9th Cir. 1991).

Because evasion of assessment and evasion of payment are merely methods of tax evasion, it was proper to "charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment."  Id. at 688 (quoting United States v. UCO Oil Co., 546 F.2d 833, 838 (9th Cir. 1976))).  Bennett's claim that ambiguity as to whether the charge is evasion of assessment or evasion of payment fails.

b.   Specific Statutory References.

Bennett next claims that the Indictment should be dismissed because, while citing 26 U.S.C. § 7201, the tax evasion statute, it fails to specify any other statutory provisions setting forth specific obligations allegedly evaded.  Second Motion at 7.  This argument fails because citation to the violated sections is not necessary.  In pertinent part, § 7201 states: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof,

11

shall . . . be guilty of a felony."  26 U.S.C. § 7201 (emphasis
added).

Although Bennett concedes that the Indictment generally
tracks the wording of the statute, he argues that it falls short
because the Indictment "substantially deviated from the wording
of the statute" by failing to include the language "any tax
imposed by this title."  Second Motion at 7.  But substantially
tracking the wording of a statute is simply one indication of the
sufficiency of an indictment.  See Hamlin v. United States, 418
U.S. 87, 117 (1974).  Whether the indictment "fairly informs a
defendant of the charge against which he must defend, and,
second, enables him to plead an acquittal or conviction in bar of
future prosecutions for the same offense" remains the critical
issue.  Id.  Here, the Indictment substantially tracks the
language of the statute and also includes a citation to 26 U.S.C.
§ 7201.  Indictment at ¶ 13.  Mere failure to include the phrase
"imposed by this title" does not preclude Bennett from preparing
his defense or pleading double jeopardy.

Moreover, the Ninth Circuit has made clear that, in tax
evasion cases, the Government is not required to cite the
specific section that imposes the duty to file a tax return.
United States v. Vroman, 975 F.2d 669, 670 (9th Cir. 1992).  The
indictment in Vroman set forth the "elements of the offense . . .
as well as the amount of taxable income he earned each year."

12

Id. at 671.  Bennett's Indictment similarly sets forth this information.  The court in Vroman found that indictment sufficient, id., and the Indictment before this court is similarly sufficient in its statutory references.

### c.   Constitutionality.

Bennett challenges 26 U.S.C. § 6012 as unconstitutionally vague and ambiguous, arguing that it is unclear "what return is required, when it must be made, who must make it, and where it must be filed."  Second Motion at 9.  The Ninth Circuit has opined, however, that the duty to file a tax return has been made clear with duly promulgated regulations. Hicks, 947 F.2d at 1360 ("the IRS has duly promulgated sufficient regulations, e.g., C.F.R. §§ 1.6011-1, 1.6012-1, to make [the duty to file a tax return] clear").

Nor is it unclear which statutory provisions require the payment of income and self-employment taxes.  The Ninth Circuit has clearly held that 26 U.S.C. §§ 1 and 61 impose the duty to pay income tax.  See Dillon v. United States, 792 F.2d 849, 852 (9th Cir. 1986) ("Under Sections 1 and 61 of the Internal Revenue code, federal income tax applies to 'every individual' and to 'all income from whatever source derived.'" (quoting 26 U.S.C. §§ 1, 61)); United States v. Pederson, 784 F. 2d 1462, 1464 (9th Cir. 1986) (obligation to "pay an income tax is set forth in 26 U.S.C. § 1, which imposes a tax on all

13

individuals in accordance with detailed tables set forth in that section").

> d.   Actual Knowledge of the Law.

Bennett next argues that the Indictment should be dismissed for its failure to allege "actual knowledge of the law" as an element of 26 U.S.C. § 7201.  Second Motion at 8-9.  Counts 2 through 6 allege that Bennett, "well knowing and believing" that he had received income on which taxes were owed, "did willfully attempt to evade and defeat" the taxes by failing to make an income tax return, failing to pay the taxes owed, and taking other actions.  To the extent Bennett is arguing that he cannot be charged with violating any law unless the Indictment alleges that he knew the provision he was allegedly violating and the amount of tax he allegedly owed, his argument fails.  Such knowledge is not an element of the crime of tax evasion.

The Supreme Court lists the elements of income tax evasion as "(1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax."  Sansone v. United States, 380 U.S. 343, 351 (1965); see also United States v. Kayser, 448 F.3d 1070, 1073 (9th Cir. 2007).  In Cheek v. United States, 498 U.S. 192 (1991), the Supreme Court explained that to prove "willfulness," the Government must prove "that the law impose a duty on the defendant, that the defendant knew of this duty, and

14

that he voluntarily and intentionally violated that duty." Id.
at 201.  In other words, the Government need not allege or prove
that defendant had knowledge of any specific statutory language
or amounts.

In contending that knowledge of the specific statutory
provision imposing the tax obligation is required, Bennett relies
on United States v. Hancock, 231 F.3d 557 (9th Cir. 2000).
According to Bennett, in Hancock, the Ninth Circuit stated that
the Supreme Court has read "actual knowledge" into certain
complex statutes.  Second Motion at 8.  More accurately stated,
however, the Ninth Circuit determined in dictum that the Supreme
Court had imposed a heightened knowledge requirement in certain
cases involving complex statutes.  See id. at 562.  In Hancock,
the Ninth Circuit declined to read a heightened knowledge
requirement into a statute criminalizing possession of firearms.
See id. at 562-63.   Rather than holding that the Supreme Court
considered knowledge an element of tax evasion, the Ninth Circuit
was merely seeking to distinguish its own case.

Later in his motion, Bennett repeats this argument,
quoting from Bryan v. United States, 524 U.S. 184 (1998).  Second
Motion at 16.  The Court in Bryan was motivated by a concern that
"highly technical statutes" would result in the punishment of
innocent mistakes.  Id. at 194-95 & n.20.  As a result, the Court
stated that in "certain cases involving willful violations of the

15

tax laws, we have concluded that the jury must find that the defendant was aware of the specific provision of the tax code that he was charged with violating." Id. at 194 (citing Cheek, 498 U.S. at 201).  This statement was clearly dictum, as Bryan was a firearms case, not a tax case.  Moreover, the Court qualified its statement in a footnote, recognizing that not all tax cases require this "heightened *mens rea*." Id. at n.17; see also United States v. Pomponio, 429 U.S. 10, 12 (1976) (declining to impose the heightened mens rea standard in a case involving falsification of tax returns).  Specifically, where the conduct at issue is clearly illegal and there is no risk of criminalizing innocent conduct, the heightened knowledge requirement is inapplicable.  Bennett's case is a simple tax evasion case that does not involve anything highly technical.  Bennett is charged with failure to file any tax returns and failure to pay any taxes.  If this case concerned an alleged failure to file a tax return correctly or an erroneous calculation of taxes owed, Bennett's argument concerning a heightened mens rea requirement would be more persuasive.

In any event, any knowledge Bennett had is a matter for the jury to determine.  See Cheek, 498 U.S. at 203.  In challenging the Indictment's failure to address "actual knowledge of the law," Bennett is questioning whether the allegations are supported by adequate evidence.  As previously stated, a motion

16

to dismiss an indictment may not be used as a device for summary trial of the evidence.  Jensen, 93 F.3d at 669.

This court is unpersuaded by Bennett's arguments that he cannot have actual knowledge of his legal duty to file an income tax return and to pay taxes without knowledge of the specific statutory provisions that impose these legal obligations.  Again, whether Bennett was aware of his duties will be decided by the jury.

e.   Willfulness.

Bennett argues that the Indictment, while it alleges that Bennett "did willfully attempt to evade and defeat" his tax obligations, fails to define "willfulness" for tax evasion purposes.  Generally, willfulness in the context of other criminal offenses does not require that a defendant have actual knowledge of the law.  Bennett claims that willfulness in the tax offense context does require actual knowledge of the law, and that the Indictment should therefore have spelled that out. Second Motion at 15-17.

As discussed in more detail earlier, Bennett misstates the knowledge component of "willfulness."  Nor does he cite any case law supporting his argument that "willfulness" should have been defined in the Indictment.  The Ninth Circuit has never required that willfulness be defined in a charge more specifically than the other elements of tax evasion.  See e.g.,

17

<u>Kayser</u>, 488 F.3d at 1073 (listing the elements of tax evasion--
without further specificity--as willfulness, a tax deficiency,
and an affirmative act); <u>United States v. Marashi</u>, 913 F.2d 724,
735 (9th Cir. 1990)(same); <u>United States v. Conforte</u>, 624 F.2d
869, 873 (9th Cir. 1980)(same).  All components of Bennett's
alleged willfulness must be proven at trial, but all such
components need not be stated in the Indictment.  <u>Cf. United
States v. Powell</u>, 995 F.2d 1206, 1210-11 (9th Cir. 1991)
(describing the methods by which the Government can prove
willfulness before the jury).

      f.   <u>Tax Deficiency.</u>

      Bennett alleges that Counts 2 through 6 of the
Indictment are deficient in alleging only income tax "due and
owing" rather than any "tax deficiency."  Bennett says that a tax
deficiency is possible only following an assessment of tax, which
he says did not occur.  Second Motion at 18-19.

      This argument flies in the face of the Ninth Circuit's
holding that a "tax deficiency exists from the date a return is
due to be filed" and arises "by operation of law."  <u>Voorhies</u> 658
F.2d at 714; <u>see also</u> <u>United States v. Kelley</u>, 539 F.2d 1199,
1203 (9th Cir. 1976) ("Tax liability is imposed by statute
independent of any administrative assessment.").  Accordingly,
assessment of a tax liability is not a prerequisite for alleging
the element of a tax deficiency.  <u>See</u> <u>Voorhies</u>, 658 F.2d at 714.

Use of the term "due and owing" rather than "tax deficiency" does not render the Indictment defective.

g.   Affirmative Act.

Finally, Bennett asserts that each of the tax evasion charges fails to allege the essential element of an affirmative act.  The requirement of an affirmative act is what distinguishes felony tax evasion from misdemeanor tax evasion.  Sansone, 380 U.S. at 351.  Each of Counts 2 through 6 in the Indictment describes conduct that Bennett allegedly undertook to evade payment of taxes, conduct consisting of two omissions and one affirmative act.  Indictment at ¶¶ 13-17.  For example, Count 2 alleges:

> [T]he Defendant did willfully attempt to evade and defeat the said income and self-employment tax due and owing by him to the United States of America . . . by failing to make an income tax return on or before April 17, 2000 as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income and self-employment tax and by contracting with his client, H.S., on or about May 17, 1999, to pay $69,000 for the Defendant's architectural services to Core-Vent Corporation.

Indictment at ¶ 13.  Bennett argues that the use of the conjunctive "and" connecting the affirmative act to the omissions, coupled with the absence of a comma separating the omissions from the affirmative act, creates a "list of the same category," that is, a list of omissions.  He says that no

19

affirmative act can be included in a list of omissions.  Second
Motion at 20.

Although the use of the conjunctive "and" suggests that
the listed items are all in the same category, that category is
not the category of omissions.  Bennett reads the list as more
limited than the text of the charge makes clear.  The list
concerns general conduct engaged in, rather than only omissions.
Moreover, listing an affirmative act after listing omissions does
not transform the affirmative act into an omission.  The act of
"contracting with his client" is an alleged affirmative act by
any reasonable reading of the charge.  The absence or presence of
a comma in a series is hardly transformative in this context.

The court notes that the Government was not required to
list omissions at all in charging a violation under 26 U.S.C.
§ 7201.  "Insofar as the language of an indictment goes beyond
alleging elements of the crime, it is mere surplusage that need
not be proved."  United States v. Jenkins, 785 F.2d 1387, 1392
(9th Cir. 1986).  Thus, the court could even disregard the
omissions in the list, which would leave only the affirmative
act.  The Indictment clearly alleges the commission of an
affirmative act in each count of felony tax evasion, and the
listing of such act with omissions does not make the Indictment
deficient.

V.        CONCLUSION.

For the foregoing reasons, the motions to dismiss are denied.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 21, 2007.



 /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


**United States of America v. Hamlet C. Bennett**, Crim. No. 06-00068 SOM; ORDER DENYING MOTIONS TO DISMISS INDICTMENT.