IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 06-00068 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR NEW |
| vs. | ) | TRIAL |
| | ) | |
| HAMLET C. BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION FOR NEW TRIAL

I.     INTRODUCTION.

On April 11, 2008, Defendant Hamlet C. Bennett was convicted of Counts 1 through 6 of the Indictment in this case. Count 1 charged Bennett with conspiracy to defraud the United States by impeding and impairing the Internal Revenue Service in violation of 18 U.S.C. § 371. Counts 2 through 6 charged Bennett with income tax evasion for calendar years 1999 through 2003, respectively, in violation of 26 U.S.C. § 7201.

On April 25, 2008, Bennett filed a motion for new trial. Although this motion does not identify the rule under which it is brought, the court deems the motion to have been filed under Rule 33(a) of the Federal Rules of Criminal Procedure. This motion is timely.[1] Because Bennett fails to

---

[1] "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b). Bennett is not arguing that he deserves a new trial based on newly discovered evidence. Accordingly, Bennett was required to "move for a new trial within seven days after the verdict or the

demonstrate that a new trial is required in the "interest of justice," his motion for a new trial is denied.

II.     LEGAL STANDARD.

Rule 33(a) of the Federal Rules of Criminal Procedure provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment." The burden of justifying a new trial rests with the defendant, see United States v. Endicott, 869 F.2d 452, 454 (9th Cir. 1989, and a "motion for new trial is directed to the discretion of the judge." United States v. Pimentel, 654 F.2d 538, 545 (9th Cir. 1981); accord United States v. Mack, 362 F.3d 597, 600 (9th Cir. 2004) (reviewing the denial of a motion for new trial under Rule 33(a) under an abuse of discretion standard). "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal, United States v. Alston, 974 F.2d 1206, 1211 (9th Cir. 1992), as a "new trial may be granted by the district court when the 'interest of justice so requires.'" United States v. Moses, 496 F.3d 984, 987 9th Cir. 2007) (quoting Fed. R. Crim. P. 33(a)),

---

finding of guilty verdict, or within some other time set by the court in an order issued during that same seven-day period." Id., 2005 cmts. Because Bennett was given leave during the seven-day period to file post-trial motions no later than April 28, 2008, see Minutes (Apr. 11, 2008), this motion is timely.

petition for cert. filed, 76 U.S.L.W. 3513 (Jan. 9, 2008) (No. 07-11).

III.     ANALYSIS.

Bennett's motion for a new trial is based entirely on his contention that this court improperly allowed the jury to hear evidence about felony convictions of Royal Lamarr Hardy and his associates. Bennett argues that he is entitled to a new trial because the jury heard improper hearsay evidence. This court disagrees and therefore denies his motion.

To obtain a conviction for the tax evasion charges asserted in Counts 2 through 6 of the Indictment, the Government was required to prove beyond a reasonable doubt that there was a tax deficiency for years 1999 through 2003, that Bennett made an affirmative attempt to evade or defeat an income tax, and that Bennett acted willfully. See Sansone v. United States, 380 U.S. 343, 351 (1965) ("the elements of § 7201 are will-fulness; the existence of a tax deficiency; and an affirmative act constituting an evasion or attempted evasion of the tax" (internal citations omitted); United States v. Kayser, 488 F.3d 1070, 1073 (9th Cir. 2007) ("The elements of attempted income tax evasion under 26 U.S.C. § 7201 are: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax."). The Supreme Court has explained that, as used in tax cases,

3

willfulness "requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." Cheek v. United States, 498 U.S. 192, 201 (1991). Accordingly, the Ninth Circuit has established that knowledge that more federal income tax was owed than was declared is also an element of a § 7201 violation. See United States v. Trevino, 419 F.3d 896, 905 (9th Cir. 2005) ("One of the elements the government was required to prove beyond a reasonable doubt, to prove a § 7201 offense, is that 'defendant knew that more federal income tax was owed than was declared due on the defendant's income tax return.'" (quoting Ninth Cir. Crim. Jury Inst. 9.35 (2000)).

Bennett's defense to the tax evasion charges (Counts 2-6) was that he had a "good faith belief" that he was complying with applicable tax laws. This defense was the same defense raised in his original trial, which ended with a hung jury. Beginning in his opening statement, Bennett argued to the jury in his retrial that he had not "willfully" evaded his tax obligations because he believed that his actions complied with applicable tax laws. Over Bennett's hearsay objection at his retrial, this court allowed the Government during its case-in-chief to introduce evidence that Bennett knew of the felony convictions of others. This court ruled that the felony

4

conviction evidence was not hearsay, as it was not being offered to prove the truth of those convictions.  Bennett had indicated that, based on the "reliance defense" sold by Hardy, he held a good-faith belief that he was not liable for income tax.  This court ruled that evidence of Bennett's knowledge of Hardy's felony conviction of tax offenses went to whether Bennett had a good-faith belief regarding the applicability of the tax statutes to him.  In other words, that evidence was relevant to whether Bennett was willfully evading his income tax obligations; the felony conviction evidence went to whether Bennett knew that more federal income tax was owed than he had acknowledged.

Bennett now argues for a new trial based on the same argument raised earlier.  That is, Bennett claims that allowing evidence of the convictions of Hardy and his associates violated Rule 803(22) of the Federal Rules of Evidence.  Because the evidence of the convictions was not hearsay, Rule 803(22) was inapplicable, and Bennett raises no issue justifying a new trial.

Rule 803(22) states:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> **(22) Judgment of previous conviction.** Evidence of a final judgment, entered after a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to

5

>    prove any fact essential to sustain the
>    judgment, but not including, when offered by
>    the Government in a criminal prosecution for
>    purposes other than impeachment, judgments
>    against persons other than the accused.  The
>    pendency of an appeal may be shown but does
>    not affect admissibility.

The Ninth Circuit interprets Rule 803(22) as providing "an exception to the bar of the hearsay rule for certain criminal judgments of conviction." <u>United States v. Nguyen</u>, 465 F.3d 1128, 1131 (9th Cir. 2006).  The exception allows evidence of felony convictions "to prove any fact essential to sustain the judgment," but does not apply in a criminal prosecution when the Government seeks to introduce felony convictions of people who are not defendants in the case.  Rule 803(22), however, allows the Government to introduce such evidence when it is offered for impeachment purposes.

Courts have held that jury verdicts adjudicating a person guilty are hearsay statements.  Unless that hearsay evidence is admissible under some other rule or used for impeachment, Rule 803(22) bars the introduction of a felony conviction of a person other than a defendant in that defendant's trial.  <u>See</u> <u>United States v. Vandetti</u>, 623 F.2d 1144, 1148 (6th Cir. 1980); <u>accord</u> <u>United States v. Campbell</u>, 848 F.2d 846, 853 (8th Cir. 1988) ("It is well established in this circuit that evidence of a co-defendant's guilty plea or conviction may not be admitted as substantive evidence of the defendant's guilt.").

In Bennett's retrial, the felony convictions of Hardy and his associates were used both to show that Bennett knew that he owed income tax and to impeach Bennett's "good faith belief" defense.  The convictions were used in the first instance to demonstrate that Bennett had acted willfully--that he knew that the tax laws required him to file tax returns and pay taxes.  No party argued that Bennett was himself guilty merely because Hardy and his associates had been adjudged guilty of felony tax crimes.  In fact, when the convictions were introduced into evidence, this court cautioned the jury that the evidence was not to be used in such a manner.  For example, during Anita Emerson's testimony, the court told the jury that evidence of the convictions of Hardy and his associates was only to be considered with respect to what Ms. Emerson knew.  See Testimony of Anita Emerson (Aug. 3, 2008).

The court also expressly instructed the jury at the close of the evidence that the convictions were not substantive evidence of Bennett's guilt:

> You have heard testimony or other evidence concerning criminal cases against people other than the defendant.  You are to consider such evidence only for the purpose of evaluating the defendant's state of mind, that is, as to what he knew or should have known.  The fact that criminal charges were brought against someone else or that someone else was convicted of a crime is not substantive evidence of guilt as to this defendant.  Instead, this evidence goes to the defendant's knowledge and his intent.

Jury Instructions (Apr. 9, 2008) at 32A.

Use of the felony convictions of Hardy and his associates to show that Bennett was willfully violating income tax law did not constitute use of hearsay. See Fed. R. Evid. 801(c). The convictions were not used to prove the "truth of the matter asserted." Id. For purposes of Bennett's retrial, it did not matter whether Hardy and his associates were in fact convicted. All that mattered was whether Bennett was aware of those convictions and how that knowledge affected Bennett's state of mind concerning applicable tax laws. If Bennett thought that Hardy had been convicted of doing the very things that Hardy was advising Bennett to do, then that went to whether or not Bennett was willfully violating the income tax laws of the United States. The evidence also impeached any assertion by Bennett that he truly believed that he was complying with applicable income tax laws. Because the convictions introduced at Bennett's retrial were not hearsay, Rule 803(22) was simply inapplicable.

The court notes, in any event, that even putting aside the Government's right to introduce the convictions of Hardy and his associates during the Government's case-in-chief, Rule 803(22) allows the Government to impeach a defendant with evidence of convictions. Because Bennett testified that he had a "good faith belief" that the tax laws did not require him to file a tax return or pay taxes, the Government was certainly entitled

8

to impeach him, using the convictions to show that he held no such "good faith belief."

Because Bennett fails to demonstrate that a new trial is required in the "interest of justice," his motion for a new trial is denied.

IV.     CONCLUSION.

For the foregoing reasons, Bennett's motion for a new trial is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 30, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Bennett, Crim. No. 06-00068 SOM; ORDER DENYING MOTION FOR NEW TRIAL