IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 06-00068 SOM |
| | ) | CIV. NO. 09-00387 SOM/LEK |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION TO |
| | ) | VACATE, SET ASIDE, OR CORRECT |
| HAMLET C. BENNETT, | ) | SENTENCE PURSUANT TO 28 |
| | ) | U.S.C. § 2255 |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

I.   INTRODUCTION.

On April 11, 2008, Defendant Hamlet C. Bennett was convicted of Counts 1 through 6 of the Indictment in this case. Count 1 charged Bennett with conspiracy to defraud the United States by impeding and impairing the Internal Revenue Service in violation of 18 U.S.C. § 371. Counts 2 through 6 charged Bennett with income tax evasion for calendar years 1999 through 2003, respectively, in violation of 26 U.S.C. § 7201.

On August 11, 2008, Bennett was sentenced to 60 months in prison for Count 1, and 18 months in prison for each of Counts 2 through 6. The prison terms for Counts 2 through 6 run concurrently with each other, but consecutively to Count 1, for a prison sentence totaling 78 months. Bennett was also sentenced to 3 years of supervised release, a fine of $35,330.22, restitution of $1,368,593, and a special assessment of $600.

Bennett appealed his conviction and sentence. Underlying many of his arguments on appeal was his contention that his conduct could not have been willful because no law required him to file income tax returns or pay income taxes. See Appellant's Opening Brief, United States v. Bennett, No. 08-10368, 2008 WL 5609910 (Dec. 11, 2008).

On June 1, 2009, the Ninth Circuit Court of Appeals rejected all of Bennett's arguments, affirming the judgment of conviction and the sentence in a Memorandum decision. See United States v. Bennett, 2009 WL 1515652 (9th Cir., June 1, 2009).

On August 18, 2009, Bennett filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Essentially, Bennett is still arguing that he was not required to file income tax returns and pay income tax. Because Bennett's arguments were raised before and rejected by the Ninth Circuit, and/or because Bennett could have raised his arguments in his appeal but failed to do so, Bennett's arguments cannot form the basis for relief under § 2255. Accordingly, Bennett's § 2255 motion is denied.

II.     LEGAL STANDARD.

A federal prisoner may move to vacate, set aside, or correct his or her sentence if it "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  28 U.S.C. § 2255.  There are some general rules regarding what kinds of claims can and cannot be raised in a § 2255 petition.

For example, a § 2255 petition cannot be based on a claim that has already been disposed of by the underlying criminal judgment and ensuing appeal.  As the Ninth Circuit stated in Olney v. United States, 433 F.2d 161, 162 (9th Cir. 1970), "Having raised this point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition under § 2255."

Even when a § 2255 petitioner has not raised an alleged error at trial or on direct appeal, the petitioner is procedurally barred from raising an issue in a § 2255 petition if it could have been raised earlier, unless the petitioner can demonstrate both "cause" for the delay and "prejudice" resulting from the alleged error.  As the Court said in United States v. Frady, 456 U.S. 152, 167-68 (1982), "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."  Id.; accord Davis v. United States, 411 U.S. 233, 242 (1973).  To show "actual prejudice," a § 2255 petitioner

"must shoulder the burden of showing, not merely that the errors at [her] trial created a possibility of prejudice, but that they worked to [her] actual and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170.

III.   ANALYSIS.

Bennett's § 2255 motion raises four grounds for relief based on his continued contention that he was not required to file income tax returns or to pay income taxes.  In his first ground for relief, Bennett argues that his gross income was not subject to federal tax.  In his second ground for relief, Bennett argues that he had no obligation to make and file income tax returns and pay income taxes to the Government.  In his third ground for relief, Bennett argues that this court misstated the law to the jury because, as Bennett reads the applicable law, income earned "within the United States" should be excluded from a person's gross income.  Finally, in Bennett's fourth ground for relief, he argues that he could not have engaged in a criminal conspiracy because he did not engage in criminal activity when he failed to file income tax returns and pay income taxes.  Each of these grounds was either raised before and rejected by the Ninth Circuit or could have been raised to the Ninth Circuit.

In Bennett's appeal to the Ninth Circuit, Bennett argued that his conduct was not willful because no law required

him to file income tax returns and pay income tax.  See Appellant's Opening Brief, United States v. Bennett, No. 08-10368, 2008 WL 5609910 (Dec. 11, 2008).  The present § 2255 motion focuses on whether any law required Bennett to file tax returns or pay income tax; his argument on appeal was that his criminal conduct could not have been willful because no law required him to file tax returns or pay income taxes.  Each of the four grounds raised in Bennett's § 2255 motion essentially argues the same thing raised on appeal--that the law did not require Bennett to file tax returns or pay income tax.  In affirming Bennett's conviction and sentence, the Ninth Circuit necessarily rejected Bennett's argument that his criminal conduct was not willful because no law required him to file tax returns or pay income taxes.  The Ninth Circuit specifically ruled that sufficient evidence supported his convictions and that evidence introduced at trial "established Bennett's 'wilfulness,' 'the existence of a tax deficiency,' and 'an affirmative act constituting an evasion or attempted evasion of the tax.'"  See United States v. Bennett, 2009 WL 1515652 (9th Cir., June 1, 2009).  Bennett was unsuccessful in his direct appeal, and the four issues he now raises are essentially the same issues raised on appeal.  This is not a proper use of § 2255.  See Olney, 433 F.2d at 162.

To the extent Bennett's § 2255 motion could possibly be said to raise new issues not raised previously in his direct appeal, Bennett is procedurally barred from raising the issues now, as he fails to demonstrate the necessary cause and prejudice for having failed to raise the issues on direct appeal.  See Frady, 456 U.S. at 167-68.  At best, Bennett argues that the issues raised in this § 2255 motion were raised only in passing on direct appeal because his appellate counsel was more familiar with the willfulness-based arguments than Bennett's argument that the law did not require him to file income tax returns or pay income tax.  Even if the court assumes that Bennett has demonstrated the necessary "cause" for his failure to previously raise the argument, he fails to establish the necessary prejudice, as he fails to demonstrate that the law did not, in fact, require him to file income tax returns or pay taxes.  As discussed above, in affirming Bennett's conviction and sentence, the Ninth Circuit necessarily rejected that argument.

IV.     CONCLUSION.

For the foregoing reasons, Bennett's § 2255 motion is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 14, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Bennett, Crim. No. 06-00068 SOM; Civ. No. 09-00387 SOM/LEK; ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255